**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANIEL W. WOMACK,

        Plaintiff - Appellant,

  v.

N. GRANNIS; et al.,

        Defendants - Appellees.

No. 10-17952

D.C. No. 1:09-cv-01241-LJO-GBC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted September 27, 2011[**]

Before:    SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

    California state prisoner Daniel W. Womak appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging due process and

equal protection claims. We have jurisdiction under 28 U.S.C. § 1291. We review

de novo a dismissal under 28 U.S.C. § 1915(e)(2), *Huftile v. Miccio-Fonseca*, 410

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1136, 1138 (9th Cir. 2005), and we affirm.

The district court properly dismissed Womak's due process claim because his good time credits had been restored, and Womak's other allegations did not give rise to a constitutionally protected liberty or property interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (requiring "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or a restraint that exceeds the prisoner's sentence in "an unexpected manner" to state a liberty interest); *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (there is no Fourteenth Amendment liberty or property interest in prison employment).

The district court properly dismissed Womak's equal protection claim because Womak failed to allege facts suggesting that he was intentionally treated differently from similarly situated inmates. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005).

**AFFIRMED.**